

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 31, 1962

Mr. Coke R. Stevenson, Jr.
Administrator
Texas Liquor Control Board
Austin, Texas

Dear Mr. Stevenson:

Opinion No. WW-1433

Re: Whether the Texas Liquor
Control Board should can-
cel the permit granted
to Claude D. Neeley by
virtue of the stated facts.

You asked this office an opinion on the following
questions:

"1. Should the Texas Liquor Control Board
cancel the permit granted to Claude D. Neeley
for the 'FM Road 369' premises in view of the
adoption of Ordinance No. 1974 by the City of
Wichita Falls and the annexation thereafter of
the area in which permit is located?

"2. Could the Texas Liquor Control Board
cancel the permit or license granted to Claude
D. Neeley for the 'FM Road 369' premises in view
of the adoption of Ordinance No. 1974 by the
City of Wichita Falls and the annexation there-
after of the area in which such permit is located?"

On October 25, 1961, Claude D. Neeley filed an ori-
ginal application for a retail dealer's off-premise license
with the County Judge of Wichita County for the premises at
"FM Road 369". On November 14, 1961, the County Judge of
Wichita County refused to approve the application. On the 28th
day of November, 1961, in Cause No. 69012-A, which was an appeal
from the County Judge's refusal to approve the application,
the 30th District Court of Wichita County, Texas, set aside the
ruling of the County Judge refusing to approve the application.
Thereafter, on December 7, 1961, in pursuance of the judgment
entered in Cause No. 69012-A in the 30th District Court of
Wichita County, Texas, the Texas Liquor Control Board issued
a retail dealer's off-premise license to Mr. Claude D. Neeley
for the "FM Road 369" premises. At the same time, the Texas
Liquor Control Board also issued a package store permit to Mr.
Claude D. Neeley for the "FM Road 369" premises.

The "FM Road 369" premises are within an area re-
cently annexed to the City of Wichita Falls, Texas. This
annexed area was adjacent to the City of Wichita Falls before
the annexation. It had been under first reading for some time

prior to the action of the County and District Judges of Wichita County, Texas, set out above and on November 13, 1961, the area was actually annexed to the City of Wichita Falls, Texas.

The "FM Road 369" premises are in Precinct No. 1 of Wichita County, Texas, and the area was "wet" when annexed by Wichita Falls.

On October 21, 1946, the City of Wichita Falls, Texas, adopted Ordinance No. 1416 which provided that "no spiritous, vinous or malt liquors" shall be sold within the corporate limits of the City of Wichita Falls, Wichita County, Texas, except within certain limits as set out in that particular ordinance. Section 4 of this ordinance further provided that the ordinance should not apply to wholesale dealers, "who shall sell at wholesale to retail dealers only and to no other person, firm or corporation."

On January 27, 1947, Ordinance 1425 was adopted which amended Section 1 of Ordinance No. 1416 providing that "no spiritous, vinous or malt liquors" should be sold within the corporate limits of the City of Wichita Falls, Texas, except within the described area. The amendment of course changed the area.

On October 29, 1951, Section 1 of Ordinance No. 1416 was again amended by amending Section 4 by providing that the ordinance should not apply to wholesale dealers, "who shall sell at wholesale to retail dealers only and to no other persons, firm or corporation; that this ordinance shall not apply to retail dealers who are in business as a package store at the same location on January 1, 1951, and who held a legal package store permit or retail dealer's off-premise license on January 1, 1951." This amendment was to take care of an area recently annexed to the city.

On November 14, 1955, Ordinance 1740 was adopted which prevented the delivery of "spiritous, vinous or malt liquors" except in the area set out therein.

On January 27, 1958, an ordinance was adopted amending Ordinance No. 1416 as amended by Ordinance 1425 providing that "no spiritous, vinous or malt liquors" could be sold within the corporate limits of the city of Wichita Falls except in the described areas. This amendment allowed the sale of spiritous, vinous or malt liquors within the site known as "Weeks Park Clubhouse".

On April 13, 1959, Ordinance No. 1830 was adopted amending Section 4 of Ordinance No. 1416 and Section 1 of Ordinance 1579 providing that Ordinance No. 1416 and Ordinance No. 1579 "shall not apply to wholesale dealers, who shall sell at wholesale to retail dealers only and to no other person, firm or corporation; that Ordinance No. 1416 and Ordinance No. 1579 shall not apply to retail dealers who are in business as a package store at the same location at the time any area is annexed to and included within the corporate limits of the City of Wichita Falls, Texas, and who held a legal package store permit and/or retail dealer's off-premise license, at the time of such annexation."

On January 11, 1960, Ordinance No. 1884 was adopted amending Section 4 of Ordinance No. 1416 so as to provide that Section 4 of 1416 would read as follows:

"In recognition of the principle of continuance of nonconforming use, when an area is annexed to the city limits of the City of Wichita Falls, Texas, that contains businesses operating under package store permit, a retail dealer's on-premise license or retail dealer's off-premise license as defined by the Texas Liquor Control Act, those existing businesses shall be allowed to continue in the same location with the right to transfer said permit for license.

"That Ordinance No. 1416, as amended, shall not apply to liquor wholesalers with the following types of licenses:

"General Distributor's License, Local Distributor's License, Branch Distributor's License or Wholesale Permits, as the same are defined by the Texas Liquor Control Act."

On May 9, 1960, Ordinance No. 1425 and Ordinance No. 1796 were amended by Ordinance No. 1907. Section 1 of Ordinance No. 1425 was amended to include an additional area. To "establish a liquor zone in which liquor may be legally sold within the City of Wichita Falls and adding to that area a portion of land which is described in the ordinance."

On December 18, 1961, Ordinance No. 1974 was adopted amending Section 4 of Ordinance No. 1416 so as to provide as follows:

"In recognition of the principle of continuance of nonconforming use, when an area is annexed to the city limits of the City of Wichita Falls, Texas, that contains businesses which have been operating in said area for a period of no less than twelve months under a package store permit, a retail dealer's on-premise license or a retail dealer's off-premise license as defined by the Texas Liquor Control Act, those businesses which have existed for such period of time shall be allowed to continue in the same location with the right to transfer said permit or license.

"That Ordinance No. 1416, as amended, shall not apply to the following types of licenses:

"General Distributor's License, Local Distributor's License, Branch Distributor's License or Wholesaler's Permits, as the same are defined by the Texas Liquor Control Act.

"Section 2, Ordinance No. 1884 and all other ordinances in conflict herewith are hereby expressly repealed."

Nowhere in any of the ordinances set out above, copies of which were supplied to this office by A. L. Fitts, City Clerk, is any provision made restricting the sale of beer. The ordinances all cover "spiritous, vinous or malt liquors" with the exception of Ordinance No. 1907, which speaks of "a liquor zone." Liquor is defined in the Texas Liquor Control Act, Article 666-3a(5), V. P. C., as follows:

"'Liquor' shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated. Proof that an alcoholic beverage is alcohol, spirits of wine, whiskey, liquor, wine, brandy, gin, rum, ale, malt liquor, tequila, mescal, habanero, or barreteago, shall be prima facie evidence that the same is liquor as herein defined."

Beer is defined in Article 667-1(b) as follows:

"The term 'beer' means a malt beverage containing one-half of one per cent (1%) or more of alcohol by volume and not more than four (4) per

centum of alcohol by weight, and shall not be
inclusive of any beverage designated by label
or otherwise by any other name than beer."

It is therefore the opinion of this office that
all ordinances set out above of the City of Wichita Falls,
Texas, apply only to liquor having 4% or more by volume of
alcohol, and does not include beer as defined in the Texas
Liquor Control Act.  We therefore hold that the Texas Liquor
Control Board, as you point out, was bound "to issue the
license . . ." as a result of the judgment of the District
Court and that there was no restriction on the issuance of
such license because the city has placed no restriction
on the sale of beer anywhere within its limits.

Under the facts stated, the "FM Road 369" location
is included within the area covered by Ordinance Nos. 1974
and 1884.  The package store permit was issued by the Texas
Liquor Control Board on December 7, 1961; however, it is
noted in your letter that the area was annexed to the City
of Wichita Falls, Texas, on November 13, 1961.  At the time
of this annexation, Ordinance No. 1884, approved on Janu-
ary 11, 1960, was in effect.  Under this ordinance, a pack-
age store permittee and a retail dealer off-premise licensee
could continue to operate if the business was in existence
at the time of the annexation.  Under the facts outlined in
your letter, Mr. Neeley was not in business at that time.
Therefore, he could have had no "vested right" to such busi-
ness.  A city can by its zoning regulations restrict the
sale of alcoholic liquor to certain areas within the city.
Louder v. Texas Liquor Control Board, 214 S.W.2d 330 (Civ.
App. 1948).

Inasmuch as the package store permit expired
August 31, 1962, and, under the cities' zoning ordinances,
cannot be renewed the question concerning its cancellation
is moot.

### S U M M A R Y

The Texas Liquor Control Board should not cancel
the Retail Dealer's Off-Premise License heretofore
issued to Claude D. Neeley by virtue of the circum-
stances and facts surrounding its issuance.

Yours very truly,

WILL WILSON
Attorney General of Texas

By:

Norman V. Suarez
Assistant Attorney General

NVS:nss

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves

Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore